```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/25/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSHAWN PINE,

                              Plaintiff,

                    -against-

THE CITY OF NEW YORK, COMMISSIONER OF THE
NEW YORK CITY DEPARTMENT OF CORRECTIONS,
WARDEN OF THE GEORGE R. VIERNO
CORRECTIONAL FACILITY, and JOHN DOES, *being
unnamed corrections officers employed by Defendants*,

                              Defendants.

24-cv-4665 (MKV)

OPINION AND ORDER
GRANTING
MOTION TO DISMISS

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff Roshawn Pine, through his counsel, brings this municipal liability action, alleging that his constitutional rights were violated while he was incarcerated because, "[u]pon information and belief," Plaintiff had told unspecified correctional officers about unspecified "physical threats and assaults" by unspecified "other inmates" and, thereafter, Plaintiff was attacked and injured [ECF No. 15 ("AC") ¶¶ 35, 39]. Defendants move to dismiss. For the reasons set forth below, that motion is GRANTED.

### I.    BACKGROUND

**A.  Procedural History**

      Plaintiff Roshawn Pine initiated this action by filing a complaint against Defendants the City of New York (the "City"), the Commissioner of the New York City Department of Corrections (the "Commissioner"), the Warden of the George R. Vierno Correctional Facility (the "Warden"), and an unspecified number of unnamed correctional officers listed as "John Does" [ECF No. 4 (the "Original Complaint" or "Compl.")]. Plaintiff has never filed proof of service of the Original Complaint on any of the defendants. The City has nonetheless appeared and defended the action.

1

The City responded to the Original Complaint by filing a pre-motion letter requesting leave to file a motion to dismiss the Original Complaint for failure to state a claim [ECF No. 11 ("City PML")]. In that pre-motion letter, the City argued, among other things, that Plaintiff had failed to offer "any specific facts" in support of his allegation, made "upon information and belief," that "Defendants had actual and/or constructive knowledge of an obvious and substantial risk of harm to Plaintiff, including because Plaintiff had told correctional officers of physical threats and assaults by *other* inmates." City PML at 2 (emphasis in original) (quoting Compl. ¶ 32). The City cited authority that a prisoner allegedly voicing "vague concerns about safety from future assault by unknown individuals" is "insufficient" to allege that a correctional officer knew of a substantial risk, as required for Plaintiff's claims. City PML at 2 (alteration omitted) (quoting *Robinson v. Spanno*, 2021 WL 1109053, at *5 (S.D.N.Y. Mar. 23, 2021)). Plaintiff, through counsel, responded to the City's pre-motion letter [ECF No. 12 ("Pl. PML")]. Counsel stressed that Plaintiff in fact sustained serious injuries. Pl. PML at 2. Counsel also asserted that it "is a given" that there is "a history of Defendants' neglect and deliberate indifference resulting in inmate on inmate violence at Rikers Island" and that "Defendants knowingly and routinely understaffed their facilities and failed to properly train corrections officers." Pl. PML at 2. He did not, however, address the City's argument about the absence of specific allegations to show that an official knew or should have known that Plaintiff himself faced a substantial risk of serious harm.

Following the exchange of pre-motion letters, the Court issued an Order granting the City's request to file a motion to dismiss [ECF No. 13 ("Order")]. The Court also granted Plaintiff leave to file an amended complaint before the City filed its contemplated motion to dismiss. Order at 1. The Court stressed: "**This will be Plaintiff's last opportunity to amend his pleading in response to any issue raised in the pre-motion letters.**" Order at 1 (emphasis in original).

Plaintiff thereafter filed the Amended Complaint, which is his operative pleading [ECF No. 15 (the "Amended Complaint" or "AC")]. The Amended Complaint, like the Original Complaint, names as defendants the City, the Commissioner, the Warden, and an unspecified number of "John Does." AC ¶¶ 8–13. Plaintiff has never filed proof of service of the Amended Complaint, and the City represents that the Commissioner and the Warden have never been served with process [ECF No. 19 at 1 n.1]. The City remains the only defendant that has appeared.

The Amended Complaint purports to assert two claims for relief against all Defendants. *See* AC ¶¶ 32–49. Counsel labels the first claim "Failure to Protect Plaintiff in Violation of the Fourteenth Amendment" and cites 42 U.S.C. § 1983. AC at 12, AC ¶ 42; *see* AC ¶¶ 32–42. The Amended Complaint also purports to assert a claim for "Failure to Train and Supervise Officers in Protecting Inmates from Inmate-on-Inmate Violence in Violation of the Fourteenth Amendment." AC at 14; *see* AC ¶¶ 43–49.

The City filed a motion to dismiss the Amended Complaint [ECF Nos. 18, 19 ("Mem.")]. Plaintiff filed an opposition [ECF No. 22 ("Opp.")]. The City filed a reply in further support of its motion to dismiss [ECF No. 24].

B. Facts[1]

Plaintiff alleges that, on January 24, 2023, "while [he was] an inmate" in "the general population" of George R. Vierno Correctional Facility ("GRVC"), other "inmates possessing and using knives, razors, an ice pick, and other sharp weapons, barged into Plaintiff's cell," attacked him, and seriously injured him. AC ¶ 35. As indicated above, Plaintiff further alleges, "[u]pon

---

[1] The facts are drawn from the Amended Complaint [ECF No. 15 ("AC")]. For purposes of this motion, the Court is "required to assume the truth of the 'well-pleaded factual allegations'" in the Amended Complaint, but "that obligation is 'inapplicable to legal conclusions,' such as '[t]hreadbare recitals of the elements of a cause of action' that are 'supported by mere conclusory statements.'" *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024) (brackets in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).

information and belief," that "Defendants had actual and/or constructive knowledge of an obvious and substantial risk of harm to Plaintiff, including because Plaintiff had told correctional officers of physical threats and assaults by other inmates." AC ¶ 39.

The remainder of the Amended Complaint is devoted to arguments that "routine and dangerous inmate-on-inmate violence at DOC detention facilities" across the board, "including GRVC," has been well-documented, including in a report by the New York City Department of Corrections, other cases in this District, and news media. *See* AC ¶¶ 14–18, 24–31. Plaintiff asserts that, through these sources, "Defendants, including THE CITY, Commissioner, Warden and JOHN DOE CORRECTIONAL OFFICERS," which are the only defendants named in this case, "have been aware for years" of the violence and "sanctioning of such violence by their understaffing" and "use of inexperienced personnel who knowingly choose to abdicate their responsibilities as correctional employees in the prison system." AC ¶ 14.

## II.     LEGAL STANDARD

To survive a Rule 12(b)6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alterations, internal quotation marks, and citations omitted); *see Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024) (a court is not required

4

to accept "'legal conclusions,' such as '[t]hreadbare recitals of the elements of a cause of action' that are 'supported by mere conclusory statements.'").

## III. DISCUSSION

While the Amended Complaint, which was drafted by counsel, is not a model of clarity, it is clear that Plaintiff seeks to hold the City liable, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for alleged constitutional violations.  Indeed, the City is the only defendant before the Court because Plaintiff failed even to serve the individual defendants he identified in his pleadings.  Plaintiff's purported *Monell* claims are based on the City's alleged failures to protect inmates and train its employees.

"The elements of a *Monell* claim are (1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right." *Agosto v. New York City Dep't of Educ.*, 982 F.3d 86, 97 (2d Cir. 2020).  The Amended Complaint is laden with allegations intended to show that the City has a policy or custom of failing to protect inmates and to effectively manage correctional staff so as to prevent inmate-on-inmate violence.  *See* AC ¶¶ 14–18, 24–31. However, the Amended Complaint is devoid of allegations that *Plaintiff* was subjected to any constitutional violation.  As such, Plaintiff's *Monell* claims fail.  *Agosto*, 982 F.3d at 97.

Specifically, Plaintiff fails to plead a failure to protect claim.  To be sure, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (ellipsis omitted).  However, not "every injury suffered by one prisoner at the hands of another" is a constitutional violation.  *Id.* at 834.  Rather, to establish constitutional liability, the plaintiff must show that a prison official acted with "deliberate indifference to a substantial risk of serious harm to an inmate." *Id.* at 828.

5

Thus, to plausibly allege a failure to protect claim under the Fourteenth Amendment, a plaintiff must allege facts to satisfy both an objective prong and a subjective, or *mens rea*, prong. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017); *Scott v. Westchester Cnty.*, 434 F. Supp. 3d 188, 198–199 (S.D.N.Y. 2020). The plaintiff must allege that (1) the conditions of his incarceration objectively posed a substantial risk of serious harm, and (2) a prison official acted with a sufficiently culpable state of mind. *See Darnell*, 849 F.3d at 29; *Robinson*, 2021 WL 1109053, at *3. The *mens rea* prong, too, "is defined objectively" to mean that "the defendant-official knew, or should have known" of the substantial risk of serious harm. *Quinones v. Rollison*, 2020 WL 6420181, at *7 (S.D.N.Y. Nov. 1, 2020).

Pertinent here, a "plaintiff can sufficiently plead a failure-to-protect claim 'when [the] inmate inform[ed] corrections officers about a specific fear of assault and [was] then assaulted.'" *Scott*, 434 F. Supp. 3d at 199 (alterations in original) (quoting *Beckles v. Bennett*, 2008 WL 821827, at *17 (S.D.N.Y. Mar. 26, 2008) (collecting cases)). In particular, "courts have found that the subjective prong was satisfied where the prisoner told a corrections officer a sufficiently detailed account about one or more specific threats or past instances of aggression from a known offender." *Robinson*, 2021 WL 1109053, at *5 (collecting cases). "By contrast, courts have found that vague concerns about safety from future assault by unknown individuals . . . are insufficient for the officer to have inferred the existence of a substantial risk." *Id.*; *see, e.g.*, *Marshall v. Griffin*, 2020 WL 1244367, at *9 (S.D.N.Y. Mar. 16, 2020); *Smolen v. Wesley*, 2019 WL 4727311, at *11 (S.D.N.Y. Sept. 25, 2019); *Velez v. City of N.Y.*, 2019 WL 3495642, at *1 (S.D.N.Y. Aug. 1, 2019); *Haughton v. Clinton*, 2015 WL 9244398 at *2 (S.D.N.Y. Dec. 17, 2015).

Here, Plaintiff alleges, only "[u]pon information and belief," that "Defendants had actual and/or constructive knowledge of an obvious and substantial risk of harm to Plaintiff, including

6

because Plaintiff had told correctional officers of physical threats and assaults by other inmates." AC ¶ 39. This allegation is arguably a legal conclusion that the Court need not credit because it is a threadbare recital of an element of a failure to protect claim supported by a mere conclusory statement. *See Sharikov*, 103 F.4th at 166. There is no justification for Plaintiff to offer only a "conclusory allegation on information and belief" regarding his own alleged actions. *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). Furthermore, accepting the allegation as true, Plaintiff alleges that he voiced, to some unspecified number of unnamed correctional officers, precisely the kind of vague risk of a future threat from unspecified other inmates that courts in this District have repeatedly ruled insufficient. *See Robinson*, 2021 WL 1109053, at *5; *Marshall*, 2020 WL 1244367, at *9; *Smolen*, 2019 WL 4727311, at *11; *Velez*, 2019 WL 3495642, at *1; *Haughton*, 2015 WL 9244398 at *2.

To be sure, Plaintiff alleges that he was, in fact, attacked and sustained serious injuries. *See* AC ¶ 35. However, it is well established that, for a failure to protect claim, "the focus of inquiry must be, not the extent of the physical injuries sustained in an attack, but rather the existence of a substantial risk of serious harm" and whether a prison official knew or should have known of that risk to the particular plaintiff. *Blake v. Kelly*, 2014 WL 4230889, at *5 (S.D.N.Y. Aug. 26, 2014) (internal quotation marks and citation omitted); *see also Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998). Plaintiff's sole conclusory allegation that he "had told correctional officers" about unspecified threats and assaults by unspecified other inmates, AC ¶ 39, is clearly insufficient. As such, his failure to protect claim is dismissed.

Plaintiff similarly fails to state a failure to train claim. As the Second Circuit has explained, a "municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). "Only where a municipality's

failure to train its employees in a relevant respect evidences a deliberate indifference to the rights of its inhabitants can such a shortcoming be properly thought of as a city policy or custom that is actionable under § 1983." *Jenkins v. City of New York*, 478 F.3d 76, 94 (2d Cir. 2007) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)).  A plaintiff must therefore show (1) that "a policymaker knows 'to a moral certainty' that her employees will confront a given situation," (2) "the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation," and (3) "the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights."  *Id.*  In addition to satisfying these three requirements, a plaintiff must show that (i) "city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights," and, notwithstanding such notice, (ii) "the policymakers choose to retain that program." *Connick*, 563. U.S. at 61.  Finally, even if a plaintiff can meet all of these requirements, he "still must show that this inadequate training or supervision caused [his] injury."  *Morrissey v. City of New York*, 963 F. Supp. 270, 274 (S.D.N.Y. 1997).

      Plaintiff fails to allege any facts to show causation.  He alleges, in wholly conclusory fashion, that "the Defendants' custom, policy, or practice of inadequately training and supervising Corrections Officers . . . was deliberately indifferent to the welfare of Plaintiff and . . . resulted in [his] injuries."  AC ¶ 48; *see id.* ¶ 47.  Plaintiff offers no factual amplification to support the asserted "causal connection" between the alleged failure to train and the alleged "deprivation of [his] constitutional rights." *Bernshtein v. City of New York*, 496 F. App'x 140, 144 (2d Cir. 2012) (quoting *Vippolis v. Vill. of Haverstraw,* 768 F.2d 40, 44 (2d Cir. 1985)).  Accordingly, Plaintiff's failure to train claim is dismissed.  *See Iqbal*, 556 U.S. at 678.

## IV. CONCLUSION

The City's motion to dismiss the Amended Complaint [ECF No. 18] is GRANTED. The case as to the defendants that were never served is dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

The Clerk of the Court respectfully is requested to terminate all open motions and to close this case.

**SO ORDERED.**

**Date: September 25, 2025**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**